IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 04-133 JJF |
| RYSHEEN BOWERS, | : |
| Defendant. | : |

Colm F. Connolly, Esquire, United States Attorney, and Shannon Thee Hanson, Esquire, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF DELAWARE, Wilmington, Delaware.
Attorneys for Plaintiff.

Penny Marshall, Esquire, Federal Public Defender, UNITED STATES PUBLIC DEFENDER'S OFFICE, DISTRICT OF DELAWARE, Wilmington, Delaware.
Attorney for Defendant.

**MEMORANDUM OPINION**

November 7, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant's Motion To Dismiss The Indictment Or Amend Record. (D.I. 35.) By his motion, Defendant requests that the Court either dismiss the indictment or, in the alternative, amend the record with regard to his earlier Motion To Suppress Evidence (D.I. 12). For the reasons discussed, the Court will deny the Motion To Dismiss and grant the Motion To Amend Record.

## BACKGROUND

Defendant is charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). In a letter dated January 3, 2005, defense counsel sent a discovery request for any forensic or scientific reports under Federal Rule of Criminal Procedure 16 and any exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). On January 24, 2005, the Government produced a report (D.I. 40 Ex. A) indicating that the pistol at issue would be sent to the State Bureau of Identification for fingerprint analysis. In a February 9, 2005 conversation with Government counsel, defense counsel requested the results of any fingerprint analysis of the pistol. In a letter dated February 16th, 2005 (D.I. 40 Ex. C), Government counsel indicated that he would forward the final fingerprint analysis ("the fingerprint report") as soon as he received it. The Government did not produce the fingerprint report (D.I. 40

1

Ex. B) until July 26, 2005, even though it is dated October 7, 2004. The fingerprint report indicates that latent fingerprints on the pistol were of no value, and that latent fingerprints on the pistol's magazine did not match those of Defendant.

On April 21, 2005, prior to the production of the fingerprint report, the Court held a hearing on Defendant's Motion To Suppress Evidence (D.I. 12) in which Defendant sought to exclude the pistol from evidence on the ground that probation officers lacked reasonable suspicion to support the search of Defendant's home. In a Memorandum Opinion (D.I. 38) and Order (D.I. 39), the Court denied Defendant's Motion, finding that the search was adequately supported by reasonable suspicion.

## DISCUSSION

By his Motion, Defendant contends that the Government's failure to produce the fingerprint report prior to the hearing on Defendant's Motion To Suppress Evidence violated the Government's obligation to produce that report under both <u>Brady</u> and Rule 16(a)(1)(F). Defendant requests dismissal of the indictment as a sanction for that violation.

A court may not dismiss an indictment as a sanction for either a <u>Brady</u> violation, or a Rule 16 violation unless the court finds both prejudice to the Defendant and willful misconduct by the Government. <u>Government of the Virgin Islands v. Fahie</u>, 419 F.3d 249, 259 (3d Cir. 2005). Here, Defendant has neither

2

alleged nor shown any willful misconduct by the Government. Therefore, dismissal of the indictment with prejudice would be improper regardless of whether there was a violation of either Brady or Rule 16.

In the alternative, Defendant requests that the Court "amend the record applicable to his motion to suppress evidence." (D.I. 35 at 1.) The Government does not oppose amendment of the record. (D.I. 40 at 3-4.) Therefore, the Court will grant the Motion to Amend Record.

## CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion To Dismiss The Indictment and grant Defendant's Motion To Amend Record.

An appropriate order will be entered.